AO 91 (Rev. 11/11)  Criminal Complaint

**FILED**
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | |
|---|---|
| United States of America<br>v.<br>Diamond Rose ARAGON<br><br>*Defendant(s)* | Case No. 23-MJ-1530 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 17, 2023__ in the county of __Bernalillo__ in the _____ District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) and (b)(1) (C) | Possession with intent to distribute fentanyl, |
| 18 U.S.C. § 924(c) | Possession of a firearm in furtherance of a drug trafficking crime. |
| 18 U.S.C. § 922(g) | Felon in Possession of firearm and ammunition |
| 18 U.S.C. § 931 | Possession or ownership of body armor by prohibited individual |
| 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) | Possession with intent to distribute less than 50 kilograms of marijuana |

This criminal complaint is based on these facts:

Please see the attached affidavit of DEA Special Agent Kyle Coffey, which is incorporated by reference and has been reviewed and approved by AUSA Nora Wilson.

☑ Continued on the attached sheet.

*Complainant's signature*

Kyle Coffey, DEA Special Agent
*Printed name and title*

Telephonically sworn and electronically signed.

Date: 10/17/2023

*Judge's signature*

City and state: Albuquerque, New Mexico

Karen B. Molzen, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent (SA) with the U.S. Drug Enforcement Administration (DEA), and have been since May 2020. I am assigned to the DEA's Albuquerque District Office. As a SA for the DEA, I am an investigative law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7) and am empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516. As a SA with DEA, I retain the powers of enforcement as set forth in 21 U.S.C. § 878. Prior to my employment with the DEA, I was employed as a police officer with the Virginia Beach Police Department for approximately 4 years. Over the course of my career, I have accumulated the following training and experience:

   a. I graduated from the DEA Academy in Quantico, Virginia, where I received approximately 14 weeks of specialized drug-related training. The training included controlled substance identification, drug-related investigative techniques, interview and interrogation training, preparation of search warrants, tactical applications of drug enforcement, and surveillance and electronic monitoring techniques.

   b. As a Police Officer and a DEA Special Agent, I have participated in investigations of individuals and organizations trafficking heroin, cocaine, cocaine base ("crack"), marijuana, methamphetamine, fentanyl, and other controlled substances as defined in 21 U.S.C. § 801. My experience as a Special Agent includes, but is not limited to, conducting surveillance, interviewing witnesses, participating in arrests, searches, and seizures, drafting affidavits for search warrants and criminal complaints, and working with informants. I have participated in the investigation

of several drug trafficking conspiracies.  As a result, I am familiar with matters including, but not limited to, the means and methods used by persons and drug trafficking organizations (DTO) to purchase, transport, store, and distribute illegal drugs and to hide profits generated from those transactions.

2. This case is being investigated by the DEA. I have personally participated in the investigation described below.  I make this affidavit based on my participation in the investigation, reports, and information made available to me by other agents and Task Force Officers ("TFOs"), as well as other law enforcement authorities (hereinafter collectively referred to as "Agents").  This affidavit is intended only to show that there is sufficient probable cause for the requested criminal complaint and does not set forth all of my knowledge or the surrounding facts pertaining to this matter.

## PROBABLE CAUSE

3. This affidavit is made in support of the issuance of a criminal complaint charging Diamond Rose ARAGON (ARAGON) with the following violations:

   a. 21 U.S.C. §§ 841(a)(1) and (b)(1)(C): Possession with Intent to Distribute Fentanyl;

   b. 21 U.S.C. §§ 841(a)(1) and (b)(1)(D): Possession with Intent to Distribute less than 50 kilograms of marijuana;

   c. 18 U.S.C. § 924(c): Possession of a firearm in furtherance of drug trafficking;

   d. 18 U.S.C. § 922(g): Felon in possession of a firearm and ammunition; and

   e. 18 U.S.C. § 931: Possession or ownership of body armor by prohibited individual.

**Execution of Federal Search Warrant at 519 Alcazar Street SE**

4. On October 17, 2023, Agents executed a federal search warrant at 519 Alcazar Street SE, Albuquerque, New Mexico. Agents believe the residence is the residence of ARAGON, who is a known drug dealer. ARAGON and two male subjects were also located in the residence. Agents located evidence during the search of the residence, which included the following:

   a. One Taurus handgun, found loaded with ammunition, found in ARAGON's bedroom specifically in the headboard area of the master bed;

   b. Approximately 71.7 gross grams of suspected fentanyl, found in ARAGON's bedroom closet inside a safe (with packaging removed, agents believe the weight of the suspected fentanyl will be under 40 grams), which field tested presumptive positive for fentanyl;

   c. Approximately 1,693.8 gross grams of suspected marijuana, found in the living room area of the residence and ARAGON's bedroom, which field tested presumptive positive for marijuana;

   d. One ballistic vest, found in ARAGON's master bedroom closet; and

5. Inside the residence, agents also observed digital/electronic scales.

6. Agents advised ARAGON of Miranda warnings and ARAGON affirmed she understood her rights and began speaking to agents. During interviews with agents, ARAGON made numerous statements, included the following. ARAGON affirmed she lived at the 519 Alcazar residence. ARAGON confessed to owning fentanyl, specifically fentanyl in a safe in her bedroom. ARAGON confessed to selling quantities of methamphetamine and fentanyl. ARAGON stated she knew there is a firearm in her bedroom. ARAGON confessed to knowing

she is a convicted felon. ARAGON admitted to bringing the firearm with her during drug deals for her protection.

7. Agents interviewed both male subjects located in the residence. One male denied ownership of suspected fentanyl, but claimed ownership of the firearm in ARAGON's bedroom, which is a shared bedroom between the male and ARAGON when the male stays at the residence.

8. The firearm seized was a Taurus handgun, found loaded with ammunition. Agents believe Taurus firearms to be manufactured in the state of Georgia and the nation of Brazil. Therefore, the firearm was transported to the State of New Mexico via interstate commerce.

9. At the time ARAGON possessed the firearm, ARAGON appears to have been convicted of the following felony offenses:

   a. Aggravated battery (deadly weapon)(felony),
   b. Burglary (automobile)(felony), and
   c. Possession of controlled substance (felony).

10. Agents believe the firearm was not manufactured in New Mexico. Therefore, before the defendant possessed the firearm, the firearm had moved at some time from one state to another or from a foreign country to the United States. Based on ARAGON's statements and agents finding suspected fentanyl and a firearm in ARAGON's residence, there is probable cause to believe that ARAGON possessed the firearm in furtherance of her drug trafficking activities. Through my training and experience, I know that drug traffickers often possess and own firearms to protect their drugs and drug proceeds from others who seek to steal those items from the drug trafficker.

11. Based on my training and experience, I know the amounts of located narcotics, specifically suspected fentanyl and suspected marijuana, are consistent with drug trafficking and

not personal use.

11. I declare under the penalty of perjury that the facts contained herein are true and correct to the best of my knowledge.

12. AUSA Nora Wilson reviewed and approved this affidavit.

_SA Kyle Coffey_
Kyle Coffey
Special Agent
Drug Enforcement Administration


Telephonically sworn and electronically signed
This 17th day of October, 2023.

_Karen Bmolzen_
United States Magistrate Judge Karen B. Molzen